UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, DEPT. OF SOCIAL AND HEALTH SERVICES,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>  Defendant. | CASE NO. C07-0128-JCC<br><br>REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION TO DISMISS |

## INTRODUCTION

Plaintiff State of Washington, Department of Social and Health Services (the State) seeks judicial review of the denial of Janis G. Parker's application for Supplemental Security Income (SSI) benefits as a party in interest. (*See* Dkt. 1.) In response, the Commissioner of the Social Security Administration (Commissioner) moves the Court for a dismissal of the State's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. 8.) For the reasons described below, the Court finds that defendant's motion should be granted and this case dismissed.

/ / /

REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
PAGE -1

**FACTS AND PROCEDURAL HISTORY**

Janis Parker filed an application for SSI benefits on September 30, 2002. (Dkt. 1, Ex. B.) Her claim was denied at the initial and reconsideration levels, and she timely requested a hearing. (*Id.*) While awaiting a hearing date, Ms. Parker died on January 27, 2005. (*Id.*) On March 4, 2005, counsel for plaintiff mailed a "Notice of Substitution of Party Upon Death of Claimant" attempting to substitute the State as a party in interest regarding Ms. Parker's claim. (Dkt. 1, Ex. C.)

On March 16, 2005, Administrative Law Judge (ALJ) M. J. Adams held a hearing, taking testimony from Jeanette Parker, Janis Parker's mother, and vocational expert Roni Beall. (*Id.*, Ex. B.) Ms. Parker and the State were represented by counsel, who was also present at the hearing. (*Id.*) On June 4, 2005, the ALJ issued a decision denying Ms. Parker's claim. (*Id.*)

The State timely appealed. (*Id.* at 3.) On December 1, 2002, the Appeals Counsel dismissed the request for review because the State was not a proper party. (*Id.*) The State filed a complaint in this Court on January 26, 2007, asserting that it is the proper party and that it has been adversely affected by the hearing decision. (*Id.* at 1-4.) The Commissioner moves the Court for a dismissal of the State's complaint, alleging the State has failed to state a claim upon which relief can be granted. (*See* Dkt. 8.)

**DISCUSSION**

The Commissioner argues that Ms. Parker's death left no person or party eligible to receive benefits in her name under Title XVI of the Social Security Act.[1]  Further, the

---

[1] In support of this argument, the Commissioner cites a regulation pertaining to underpayments of benefits and argues that the only eligible recipient for such underpayments

REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
PAGE -2

01  Commissioner points out that there is no provision in the regulations that gives the State standing

02  to appeal Ms. Parker's claim.  The Commissioner specifically points to 20 C.F.R. §

03  416.1471(b)(2), alleging that, under this regulation, the claimant must have requested review prior

04  to her death.  The Commissioner also points to 20 C.F.R. § 416.1906, arguing that because the

05  regulation defines "you" as "someone who has applied for or is already receiving SSI benefits,"

06  Ms. Parker is the only person who has the right to appeal the final determination of the ALJ.

07  Finally, the Commissioner cites the Social Security Administration (SSA) Program Operations

08  Manual System (POMS) SI 04050.010(C)(7), titled "Interim Assistance Reimbursement (IAR)

09  Cases - Death of the Claimant," which states:

10  It is SSA's policy that the State is never a party to the claim, because the State's
    interest depends solely on a favorable determination appellant has pursued [on] his or
11  her claim.  If the claimant receives a determination of ineligibility, the State will not
    receive any reimbursement unless the claimant appeals and the determination is
12  changed.  If the individual receives a favorable determination, but the amount of the
    initial payment is not at least equal to the amount that the State has paid to the
13  claimant, the State will receive only a partial reimbursement.  If the claimant fails to
    file an administrative appeal after receiving an unfavorable determination, the State
14  cannot file an appeal on the appellant's behalf and cannot require the appellant to file
    an appeal or a Court action.  In that case the State will not receive any
15  reimbursement.  If the claimant/appellant dies during the administrative appeal
    process, and the State asks to be substituted in place of the claimant to pursue the
16  appeal, that request must be denied.

17       In response, the State argues that the Commissioner's Motion to Dismiss should be denied

18  because the State is a proper party to the case and was, in fact, duly substituted as the proper party

19  prior to the ALJ hearing; because the State has an inherent and statutory right as a party to the

20  ───────────────

21  would be a qualifying spouse.  *See* 20 C.F.R. §§ 416.542(b).  However, in so doing, the
    Commissioner ignores the implications of the IAR.  *See* 20 C.F.R. § 416.1910(a) ("Repayment
    to the State takes priority over any underpayments due you (see §§416.525 and 416.542)").
22  Moreover, the issue of underpayments only becomes relevant upon an award of benefits.

REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
PAGE -3

01  hearing to request review of the unfavorable ALJ decision; because the State has a vested right

02  to receive reimbursement for interim assistance paid to the decedent Ms. Parker, which did not

03  expire with her death; and because the Appeals Council's dismissal of the request for review raises

04  colorable constitutional claims.  (*See* Dkt. 10.)  However, for the reasons discussed below,

05  the State's arguments fail.

06  <u>Party Substitution in the ALJ Hearing</u>

07  The State argues that the Appeals Council failed to state a legitimate basis for dismissing

08  its request for review.  The State points to 20 C.F.R. § 416.1432, arguing that it is a proper party

09  to the hearing because it provided proper written notice to the Commissioner that its rights could

10  be adversely affected by the ALJ decision because of the IAR and submitted a proper notice of

11  substitution to the ALJ.  The State points out that the ALJ noted these facts and asserts that the

12  ALJ properly substituted the State as the party in interest in this case.

13  The State's arguments lack merit.[2]  First, procedurally, it is not correct to state that the

14  State was substituted for Ms. Parker as plaintiff.  The State simply mailed a "Notice of

15  Substitution of Party Upon Death of Claimant" to the ALJ before the hearing.  (Dkt. 1, Ex. C.)

16  It is true that the ALJ noted in her decision: "On February 28, 2005, DSHS was substituted as the

17  party in interest in regard to Ms. Parker's SSI claim so that the state of Washington could recover

18  GAU benefits (11B)."  (*Id.*, Ex. B.)  However, the ALJ did not make any formal findings

19  accepting this substitution and her decision was made "[i]n the Case of Janis G. Parker

20  ──────────

21  [2] The State also argues that, akin to a substituted party pursuant to Federal Rule of Civil
Procedure 25, it has all the rights that the claimant had.  However, "[i]t is plain . . . that Rule 25
(a)(1) applies only to the substitution of legal representatives."  *Mallonee v. Fahey*, 200 F.2d 918,
22  919 (9th Cir. 1952).

REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
PAGE -4

01 (Deceased)[.]" (*Id.*)

02       Secondly, there is no basis for concluding that the State is ever qualified to become a party to the hearing. The statutory provisions governing SSI claims refer to only "an eligible individual or eligible spouse" as the "individual[s]" who may request a hearing. 42 U.S.C. § 1383(c)(1) ("The Commissioner . . . shall provide reasonable notice and opportunity for a hearing to any individual who is or claims to be an eligible individual or eligible spouse and is in disagreement with any determination under this subchapter with respect to eligibility of such individual for benefits . . . if such individual requests a hearing on the matter in disagreement within sixty days after notice of such determination is received, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing affirm, modify, or reverse the Commissioner's findings of fact and such decision"). The regulation cited by plaintiff, 20 C.F.R. § 416.1432, explains that, in addition to the claimant, "*a person* who shows in writing that *his or her* rights may be adversely affected by the decision may request a hearing" and "the other parties to the initial, reconsidered, or revised determination, and *any other person* who shows in writing that his or her rights may be adversely affected by the hearing, are parties to the hearing." *See* 20 C.F.R. § 416.1432 (emphasis added). Clearly, this language – pointing to "individuals" and "persons" – does not reflect a role for the state as a party. *Cf. Crawford & Co. v. Apfel*, 235 F.3d 1298, 1305 (11th Cir. 2000) (stating with respect to the statutory provisions governing Disability Insurance benefit claims: "Under the Act, the statutory provisions governing hearings in disability cases contemplate participation by only individuals with a stake in obtaining benefits. The statute speaks in terms of 'individuals applying for a payment,' 'his or her rights,' 'such individual or upon request by a wife, divorced wife, widow….'"; finding it clear that corporate entities were "not the individuals or specified persons

enumerated by the Act or regulations") (quoting 42 U.S.C. § 405(b)(1)).

Here, the ALJ was required to hold the hearing only because Ms. Parker properly requested the hearing prior to her death. The ALJ could not dismiss her request after her death because of the existence of the IAR. *See* 20 C.F.R. § 416.1457(4) (providing that an ALJ may dismiss a request for a hearing when "you die, there are no other parties, and we have no information to show that you may have a survivor who may be paid benefits due to you under §416.542(b) and who wishes to pursue the request for hearing, or that you authorized interim assistance reimbursement to a State pursuant to section 1631(g) of the Act"). However, it does not follow that the IAR gives the State a right to become a party to the hearing. Instead, the regulations simply allow for the possibility that the State may be compensated under an IAR agreement where a claimant properly requested a hearing and that hearing results in an award of benefits. *See* POMS SI 04050.010(C)(7) ("[T]he State's interest depends solely on a favorable determination appellant has pursued [on] his or her claim").[3] Accordingly, for all of these reasons, the State fails to establish its status as a substituted party to the ALJ hearing.

<u>Requesting Appeals Council Review</u>

The regulation governing Appeals Council Review provides:

> If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, *you* may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge.

---

[3] While plaintiff correctly points out that "[t]he POMS does not have the force of law, . . . it is persuasive authority." *Warre v. Comm'r of the Soc. Sec. Admin.,* 439 F.3d 1001, 1005 (9th Cir. 2006). Here, the relevant POMS provision clearly states that "[i]f the claimant/appellant dies during the administrative appeal process, and the State asks to be substituted in place of the claimant to pursue the appeal, that request must be denied." POMS SI 04050.010(C)(7).

REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
PAGE -6

The Appeals Council shall notify the parties at their last known address of the action it takes.

20 C.F.R. § 416.1467 (emphasis added). 20 C.F.R. § 416.1468 further explains how "you" request the Appeals Council review and how "you or any party to a hearing decision" request an extension of time to request review. As such, it is clear that only the claimant, or another viable party to the ALJ hearing, may request the Appeals Council review. As discussed above, since the State was not and could not be a party to the ALJ hearing, it had no right to request the Appeals Council review.

The State cites 20 C.F.R. § 416.1471(b) – which provides that the Appeals Council may dismiss a request for review if "you die, there are no other parties, and we have no information to show that you may have a survivor who may be paid benefits due to you under §416.542(b) and who wishes to pursue the request for review, or that you authorized interim assistance reimbursement to a State pursuant to section 1631(g) of the Act" – to support its proposition that, because of the existence of the IAR, the Appeals Council could not dismiss its request for review. However, in this case, since there was no valid request for review from the claimant or any party to the hearing, this provision simply does not apply. [4] Therefore, the Appeals Council properly dismissed the State's request for review because the State was not a party who could appeal the ALJ's decision. (*See* Dkt. 1, Ex. A.)

---

[4] The Hearings, Appeals and Litigation Law Manual (HALLEX), section I-3-4-4 titled "Party Who Requested Review Dies," cited by plaintiff, merely provides that, where a claimant who requested review dies, the Appeals Council may not dismiss the request for review where there is an IAR in effect. It does not provide that the State has a right to request review.

REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
PAGE -7

01                                                  Effect of IAR/Standing

02        20 C.F.R. § 416.1906(b) specifies that an IAR remains in effect until "[w]e make a final

03 determination on your claim (if your SSI claim is denied, the denial is the final determination,

04 unless you file a timely appeal as described in subpart N of this part)." The Commissioner points

05 out that the regulation defines "you" as "someone who has applied for or is already receiving SSI

06 benefits." 20 C.F.R. § 416.1902. The Commissioner argues that, since Ms. Parker could not

07 appeal the ALJ's decision, the ALJ's decision was the final determination and the IAR was,

08 therefore, no longer in effect. The State argues that this regulation does not apply because there

09 was no final determination on this claim until the Appeals Council improperly dismissed its request

10 for review.

11        The State's argument fails. 20 C.F.R. § 416.1906 contains the definition of "final

12 determination" within the provision: "(if your SSI claim is denied, the denial is the final

13 determination, unless you file a timely appeal as described in subpart N of this part)." Subpart N

14 includes all levels of administrative and judicial appeals in a SSI claim. *See* 20 C.F.R. §§

15 416.1400-1499. Therefore, if the claimant fails to appeal the denial at any level, the denial is the

16 final determination. Since the IAR expired upon the issuance of the final determination, the State

17 has no interest for the law to protect and, therefore, has no standing.

18                                         Colorable Constitutional Claims

19        Finally, the State argues against the Commissioner's contention that the Appeals Council's

20 dismissal is binding and not subject to further review. While acknowledging that an Appeals

21 Council's dismissal of a request for review based on untimely appeal is not subject to judicial

22 review, *see O'Connell v. Chater*, 958 F. Supp. 466, 468 (C.D. Cal. 1996), the State points out

REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
PAGE -8

that, here, the Appeals Council dismissed the State's request for review on the ground that it has no right to request review. The State contends that such dismissal raises colorable constitutional claims of deprivation of equal protection and denial of due process under the law. The State notes that the Court has jurisdiction to review the Commissioner's discretionary determinations if a plaintiff presents a "colorable constitutional claim of [a] due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997).

The State does not have a valid constitutional claim. As the Commissioner points out, since the State has no interest for the law to protect, there has been no denial of due process or equal protection rights. As such, this argument also lacks merit.

## **CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss should be granted and this case dismissed with prejudice.

DATED this 25th day of July, 2007.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
PAGE -9